[663 NYS2d 112]

In the Matter of ANDREW ROBERT HOLMAN III, a Suspended Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE TENTH JUDICIAL DISTRICT, Petitioner.

Second Department, October 14, 1997

## APPEARANCES OF COUNSEL

*Frank A. Finnerty, Jr.,* Syosset *(Dianne M. Saccone* of counsel), for Grievance Committee for the Tenth Judicial District.

## OPINION OF THE COURT

Per Curiam.

Andrew Robert Holman III has submitted an affidavit dated June 2, 1997, in which he tenders his resignation as an attorney and counselor-at-law (22 NYCRR 691.9).

In his affidavit, Mr. Holman concedes that he has been served with a petition and supplemental petition charging him with three counts of professional misconduct. The allegations include neglect and abandonment of the respondent's law practice, engaging in conduct prejudicial to the practice of law, and failure to cooperate with the lawful investigation of the Grievance Committee by failing to contact the Committee or to appear at its offices after being duly served with a subpoena on November 7, 1996.

Mr. Holman specifically acknowledges that the Grievance Committee is currently in receipt of over 450 complaints made against him by his former clients. He concedes that he accepted fees in primarily matrimonial and bankruptcy matters and failed to perform all or part of the legal services or to pay court filing fees as required. He acknowledges that his office phones were disconnected and his clients were unable to reach him as of October 1996. He concedes that he neither made any provision for other attorneys to take over his practice nor informed his clients that he was unable to continue their legal actions. As a result of Mr. Holman's abandonment of his practice, the Court appointed a conservator to take possession of his files. Mr. Holman concedes that through the efforts of the conservator alone, his clients are currently receiving their files.

Mr. Holman avers that he has discussed his decision to resign with his attorney, as well as with other persons whose advice and counsel he respects. He is fully aware of the implications of submitting his resignation, including the fact that he is barred from seeking reinstatement for at least seven years. Mr. Holman acknowledges that he cannot successfully defend himself on the merits against any disciplinary charges which have been or which will be initiated against him based upon the aforesaid conduct.

Mr. Holman is further aware that pursuant to Judiciary Law § 90 (6-a), any decision accepting his resignation could require him to make monetary restitution to any persons whose money or property was misappropriated or misapplied or to reimburse the Lawyers' Fund for Client Protection. Moreover, he is aware that any order issued pursuant to Judiciary Law § 90 (6-a) could be entered as a civil judgment against him. Mr. Holman specifically waived the opportunity afforded him by Judiciary Law § 90 (6-a) (f) to be heard in opposition thereto.

Grievance counsel, as well as the Special Referee, recommend that the Court accept the proffered resignation.

Under the circumstances, we accept the resignation of Andrew Robert Holman III as a member of the Bar and direct that it be filed. Accordingly, Andrew Robert Holman III is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law.

MANGANO, P. J., BRACKEN, ROSENBLATT, MILLER and FRIEDMANN, JJ., concur.

Ordered that the resignation of Andrew Robert Holman III is accepted and directed to be filed; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Andrew Robert Holman III is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that Andrew Robert Holman III shall continue to comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Andrew Robert Holman III is commanded to continue to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law.